IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONTINENTAL CASUALTY COMPANY and
CONTINENTAL INSURANCE COMPANY,

        Plaintiffs,

v.                                             Case No.  20-2492-JWB

COMPLETE CONSTRUCTION LLC and
FROG EYES, LLC,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' motions to dismiss or, in the alternative, stay the proceedings.  (Docs. 7, 9.)  The motions have been fully briefed and the court is prepared to rule.  (Docs. 8, 10, 11.)  For the reasons stated herein, Defendants' motions are GRANTED.

**I.      Facts and Procedural History**

The facts set forth herein are taken from the allegations in the complaint.[1]  Plaintiffs, Continental Casualty Company ("Continental Casualty") and Continental Insurance Company ("Continental Insurance") are both insurance companies that use the service mark "CNA." Plaintiffs provided insurance policies to Defendant Complete Construction LLC ("Complete

---

[1] The court takes judicial notice of the following underlying Missouri state court documents: the docket sheet, petition, and crossclaim.  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  None of the parties have disputed the authenticity of the court records provided by the parties.  (*See* Docs. 8, 10, 11.)  This does not convert the pending motions to dismiss into motions for summary judgment.  *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). The court does not accept as true the allegations in the recently filed state court pleadings but sets forth those allegations herein to show the nature of the matter pending in the state court.  The court declines to consider the emails presented in Complete Construction's reply brief as those emails are not matters as to which the court may take judicial notice.

Construction") for business property, general liability, and excess coverage, among other things. (Doc. 1 at 3.)  Complete Construction was issued both a Primary Policy and an Umbrella Policy.

In 2016, Complete Construction and Defendant Frog Eyes, LLC, ("Frog Eyes") entered into a construction contract.  In November 2017, Complete Construction filed a petition against Frog Eyes in Jackson County, Missouri, to enforce a mechanic's lien.  In addition to a mechanic's lien, the petition asserted claims of breach of contract and various tort claims.  Frog Eyes filed a counterclaim asserting breach of contract and tort claims which alleged that Complete Construction failed or refused to fix defective work, failed to reach substantial completion, ceased work without notice, and caused substantial damage to the building.  Frog Eyes sought more than $700,000 in damages.  (*Id.* at 4-5.)

On February 27, 2018, Complete Construction notified Continental Casualty of the counterclaim and requested that it provide a defense.  Continental Casualty issued a letter to Complete Construction advising it of Continental Casualty's position on coverage of the claims and setting forth various terms and exclusions in the Primary Policy.  (*Id.* at 5, 8.)  Continental Casualty paid the fees and expenses for counsel through the conclusion of trial.

Prior to trial, Continental Casualty reached an agreement with Frog Eyes to settle the counterclaims asserting gross negligence and trespass to chattels.  In the agreement, Frog Eyes released any other claims of negligence against Complete Construction.  Continental Casualty paid Frog Eyes $250,000 to settle those claims.  The parties then proceeded to trial on the remaining claims.  Plaintiffs allege that the settlement resolved all potentially covered claims and damages. (*Id.* at 9.)

The jury trial concluded on November 6, 2019.  The trial resulted in a jury verdict against Complete Construction on Frog Eyes' claim for breach of contract and fraudulent

misrepresentation.  The jury awarded damages in the amount of $782,316 on the breach of contract claim and $0 on the fraudulent misrepresentation claims.  (*Id.* at 10.)   On November 20, Frog Eyes signed the release of claims pertaining to the earlier settlement agreement with Continental Casualty.  On that same date, Continental Casualty sent a letter to Complete Construction advising that the Primary Policy provides no coverage for the jury verdicts due to several exclusions in the policy.  (*Id.* at 12.)   The letter also informed Complete Construction that it intended to withdraw from the defense and that it would not be responsible for further costs including a supersedeas bond or appeal costs.  On March 12, 2020, Complete Construction's counsel advised Continental Casualty that if judgment were entered against Complete Construction on the verdict, that it would take all steps under Missouri law to hold Plaintiffs accountable for the judgment.  On March 20, Continental Casualty advised Complete Construction that it would reimburse the costs and attorney's fees Complete Construction had expended and resume providing a defense.  (*Id.*)  After considering post-trial motions, the state court entered final judgment in the underlying suit on July 6, 2020.  The state court then denied Complete Construction's post-judgment motion for a new trial on September 11.  (*Id.* at 13.)

On September 15, 2020, Complete Construction sent a demand to Continental Casualty to post a bond to stay execution of the judgment.  On September 21, Complete Construction appealed the judgment and it is currently pending in the Court of Appeals for the Western District of Missouri.  On October 2, Continental Casualty advised Complete Construction that it would pay for the bond premium.  On October 5, Plaintiffs filed this declaratory action against Complete Construction and Frog Eyes.  Plaintiffs seek a declaration of the parties' rights and obligations under the Primary Policy and Umbrella Policy.  Essentially, Plaintiffs ask the court to find that

they have no obligation to defend Complete Construction in the appeal, post a bond, or to indemnify Complete Construction for the judgment.  (*Id.* at 14.)

On November 30, 2020, Frog Eyes filed a garnishment petition to recover insurance proceeds in the Jackson County, Missouri state court action against Plaintiffs and Complete Construction.  (Doc. 8-1.)  Frog Eyes asserts that Plaintiffs are liable to pay the judgment under the policies.  On December 4, Complete Construction filed a crossclaim against Plaintiffs alleging claims for bad faith, negligent misrepresentation, and fraudulent misrepresentation.  (Doc. 8-2.)  According to Complete Construction's allegations, the parties had engaged in global settlement negotiations in August or September 2019.  Plaintiffs' attorney allegedly told Complete Construction's counsel that he had authority to offer $300,000 for a full and final release of all claims against Complete Construction and that Frog Eyes must agree to accept a full and final settlement that would end the litigation.  (*Id.* at ¶18.)  Plaintiffs then began negotiations with Frog Eyes separately.  When Complete Construction's counsel learned of this, he wrote to Plaintiffs to state that a resolution of only the negligence claims might prejudice Complete Construction at trial.  On October 23, 2019, Plaintiffs allegedly represented that they had put the brakes on negotiations regarding the negligence claims and would only negotiate a global settlement. Counsel for Complete Construction told Plaintiffs that the separate negotiations put the global settlement at risk.  On October 28, 2019, Plaintiffs allegedly told Complete Construction that they changed their mind and would continue efforts to negotiate the negligence claims.  (*Id.* at ¶25.)  Less than one hour later, Plaintiffs informed Complete Construction that it reached a settlement with Frog Eyes to resolve only the negligence claims.

Complete Construction's crossclaims in the state court case revolve around Plaintiffs' actions in settling the negligence claims.  In its first claim, Complete Construction alleges that

Plaintiffs breached their duty to act in good faith by failing to attend and participate in the global mediation, failing to inform it of the secret settlement negotiations, making affirmative misrepresentations, and reaching a settlement to resolve only some claims without giving Complete Construction an opportunity to contribute to a global settlement.  (*Id.* at ¶31.)

On December 7, three days after filing its crossclaim against Plaintiffs, Complete Construction moved for dismissal or, in the alternative, a stay of this action.  (Doc. 7.)  Frog Eyes has also moved for dismissal.  (Doc. 9.)  Plaintiffs oppose the motions.

## II.     Standard

This action is brought under the Federal Declaratory Judgment Act which provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).  In *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), the Supreme Court explained that district courts are "under no compulsion to exercise. . .jurisdiction" under the Act.  316 U.S. at 494. The Supreme Court explained:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

2316 U.S. at 495.  The district court should examine whether the lawsuit "can be better settled in the proceeding pending in the state court."  *Id.*

The Tenth Circuit has adopted a five-factor test, referred to as the *Mhoon* test, for evaluating whether this court should exercise its discretionary jurisdiction over a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).  The Tenth Circuit has advised that a federal court is not required to refuse jurisdiction, but it "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."  *Id.* at 1170 (citation omitted).

## III.    Analysis

After a review of the *Mhoon* factors, the court finds that dismissal of this action is warranted.  The first two factors concern whether the declaratory action would settle the controversy between the parties and serve a useful purpose.  These factors are typically reviewed together and involve examining the similarity between the parties and the issues.  *Mid-Continent Cas. Co. v. Greater Midwest Builders, Ltd.*, No. 09-2066-EFM, 2011 WL 5597329, at *3 (D. Kan. Nov. 17, 2011), *aff'd sub nom. Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977 (10th Cir. 2012).

The parties do not dispute that they are all parties to the newly filed Missouri state court action.  Complete Construction argues that these two factors weigh in favor of dismissal because the state court action involves crossclaims that will not be resolved by the issues presented in the

declaratory judgment action.  In response, Plaintiffs argue that "there are no additional issues in the state court action that cannot be resolved in the declaratory judgment action."  (Doc. 10 at 6.) Plaintiffs argue that the crossclaims involve the existence of coverage and, therefore, will be resolved by the action for declaratory relief.  Plaintiffs, however, do not provide any argument as to how Complete Construction's tort claims for misrepresentation will be resolved and they suggest that Complete Construction should just file its tort claims in this court.  Plaintiffs do not provide any authority for this proposition.  Rather, in *Mid-Continent*, the court found that the presence of additional claims in the state court action, which included claims of bad faith and breach of fiduciary duty, resulted in a finding that the first two factors weighed in favor of dismissal.  2011 WL 5597329, at *3.  Because resolution of the declaratory judgment action in this court will not resolve all of the state court claims, the first and second *Mhoon* factors weigh in favor of dismissal.  *Id.*

Next, the court considers whether the declaratory judgment is being used for procedural fencing or to provide an arena for a race to res judicata.  Complete Construction does not suggest that Plaintiffs are using this action for procedural fencing or an improper purpose.[2]  Plaintiffs, however, argue that this factor should be weighed against dismissal because Defendants have engaged in procedural fencing and forum shopping by filing the petition in state court.  (Doc. 10 at 7-8.)  Plaintiffs suggest that Defendants have forum shopped because Defendants do not want the court to apply Kansas law because Kansas law does not recognize a tort of bad faith.  Plaintiffs argue that Defendants "hoped that the Missouri court would not apply Kansas law."  (*Id.* at 8.)  In addition to lacking factual support for this assertion, Plaintiffs' argument is not legally sound.

---

[2] Both parties address the first-to-file rule; Plaintiffs arguing that it supports retaining jurisdiction and Defendants arguing that the court should not apply it.  The first-to-file rule is not applicable here as it "pertains when two district courts have jurisdiction over the same controversy."  *Mid-Continent*, 2011 WL 5597329, *4, n.23 (citing *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009)).

While Kansas does not recognize a "tort" of bad faith, Kansas does allow a claim of breach of duty of good faith against an insurer.  This claim is contractually based and involves situations where an insurer acts negligently or in "bad faith breaches…duties to settle and defend."  *Moses v. Halstead*, 581 F.3d 1248, 1251 (10th Cir. 2009) ("In Kansas, an insurance company can be held liable not only for acting in bad faith but also for acting negligently.") (citing *Spencer v. Aetna Life & Cas. Ins. Co.*, 227 Kan. 914, 611 P.2d 149, 155 (1980)).

> Inherent in virtually every contract—including an insurance policy—is the duty of all parties to perform their contractual obligations in good faith.  In the context of a liability insurance contract, an insurer must exercise good faith in defending the lawsuit and in negotiations related to settlement.  Under long-standing Kansas law, an action to address an insurer's alleged breach of the duty to act in good faith in defending and settling a claim against its insured sounds in breach of contract.

*Progressive Nw. Ins. Co. v. Gant*, No. 15-9267-JAR-KGG, 2018 WL 3472796, at *19 (D. Kan. July 19, 2018) (citations and internal quotations omitted).  Kansas has adopted "the principle that the insurer's duties are contractually based and then approved a tort standard of care for determining when the contract duty has been breached."  *Id.* (citation omitted).

Therefore, although Complete Construction titles its crossclaim as one for bad faith, it would be liberally construed as a claim for breach of good faith.  The allegations in the claim also specifically identify alleged breaches of the duty of good faith.  If Kansas law is the appropriate law to apply to this cause of action, there is no reason to believe that the Missouri state court would not apply Kansas law to Complete Construction's claim of breach.

Although Plaintiffs argue that Defendants are trying to forum shop, the court finds that there is not a sufficient basis to determine that any party is attempting to forum shop.  Both of these actions were filed soon after the judgment in the state court case was final.  Moreover, given the nature of Frog Eyes' claim, the garnishment petition was appropriately filed in Missouri state court as the judgment was entered in Missouri.  Therefore, this factor is neutral.

The fourth *Mhoon* factor directs the court to consider whether exercising jurisdiction in this matter would cause unnecessary entanglement and friction between the state and federal courts.  *Runyon*, 53 F.3d at 1169.  Plaintiffs argue that this factor weighs in favor of retaining the matter because Kansas law applies to this action and the primary function of the Declaratory Judgment Act is to resolve coverage disputes that will require the application of state law.  But, as discussed previously, the issue of what law to apply to all claims pending in the state court action is not resolved.  While it appears that Kansas law is applicable to determine Plaintiffs' obligations under the policies and whether Plaintiffs are required to pay the judgment or the appeal costs, the applicable law on the remaining claims is not as clear.  Moreover, the applicable law to be applied is irrelevant to whether this court should exercise jurisdiction.  "Regardless of the law to be applied, both this Court and the Missouri state bench are undoubtedly capable of ascertaining and applying the appropriate choice of law."  *Mid-Continent*, 2011 WL 5597329, at *5.  Moreover, in the event Missouri law applies to Complete Construction's crossclaim, specifically the misrepresentation claims, Missouri courts are "uniquely suited to that task."  *Id.*

Plaintiffs argue that *Mid-Continent* is not applicable here because the court found that this factor weighed in favor of dismissal due to the state court action's inclusion of additional parties. While the court did note that the presence of these parties could create friction, it was not the only reason the court found this factor favored dismissal.  Here, the presence of state law tort claims could potentially cause friction as these claims are a matter of state law although the parties do not specifically address the law applicable to these claims.  The court finds this factor is neutral.

Finally, the court must consider whether there is an alternative remedy that is better or more efficient.  The court concludes that the Missouri action is an alternative remedy that is more efficient than this court.  The issues of Plaintiffs' liability to Frog Eyes due to coverage under the

policies will be resolved in that action in order to determine Frog Eyes' claim.  Significantly, Complete Construction's crossclaim involves consideration of the events surrounding the underlying state litigation.  The Missouri state court is in a better position to develop those facts especially considering that the state court is intimately aware of all of the facts and familiar with the parties after recently completing the trial.  In order to resolve all of the disputes between the parties, discovery would be required to develop the facts regarding Complete Construction's crossclaim.  The determination of coverage would not resolve all of these issues.

Weighing the *Mhoon* factors as a whole, three of the five factors discourage the court from exercising jurisdiction.  The other two factors are neutral.  Therefore, because liability under the policies will be determined in the action currently pending in Jackson County, Missouri, dismissal of Plaintiffs' declaratory judgment action is proper here.

## IV.    Conclusion

Defendants' motions to dismiss (Docs. 7, 9) are GRANTED.  This action is DISMISSED. IT IS SO ORDERED.  Dated this 27th day of January, 2021.

          __ s/ John W. Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE